Filed 1/6/15  In re Brianna V. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re BRIANNA V. et al., Persons Coming Under the Juvenile Court Law. | |
| | D066297 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. CJ1170 A-C) |
| v. | |
| RICARDO V., | |
| Defendant and Appellant. | |

APPEAL from findings and orders of the Superior Court of San Diego County, Edlene McKenzie, Commissioner.  Affirmed.

Cristina Gabrielidis, under appointment by the Court of Appeal for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana C. Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Ricardo V. appeals findings and orders adjudicating his children dependents of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b) and (d).[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ricardo V. and N.B. have three children, Brianna V., Nicolas V. and R.V. (collectively, the children), who are now ages 10, eight and six years old, respectively.

In September 2013, the San Diego County Health and Human Services Agency (Agency) offered voluntary services to the parents after the children witnessed an incident of domestic violence, in which they defended their mother while their father choked her. In addition, Brianna said her father masturbated while he touched the boys' "privacy parts." Interviewed separately, Nicolas and R.V. disclosed that Ricardo touched their penises with his entire hand, moving his hand up and down. Ricardo admitted touching the boys on their penises but claimed it was his cultural way of showing affection.

N.B. agreed she would not permit Ricardo to be alone with the children. However, she did not follow the safety plan and allowed Ricardo to shower with the children and dress them. Both parents minimized Ricardo's sexual abuse of the children. Although the social worker was able to help the parents meet some of the children's unmet medical needs, which included hearing and vision problems, dental problems, and chronic lice, the parents continued to neglect their children's medical needs. School personnel reported when they called the parents on two occasions to tell them Brianna

---

1    All further statutory references are to the Welfare and Institutions Code.

and Nicolas had high fevers, the parents said they would come right away but did not show up until the end of the day.

In May 2014, the Agency detained the children in foster care and filed petitions under section 300, subdivisions (b) and (d), after preventive services did not prevent or eliminate the risks to the children. In July, after a document trial, the court sustained the petitions, removed the children from the custody of their parents and placed them with a relative.

DISCUSSION

A

*Contentions on Appeal*

Ricardo contends there is not substantial evidence to support the court's findings under section 300, subdivisions (b) and (d). He argues by the time of the jurisdictional hearing, the children's medical needs had been resolved and they no longer were at risk of serious physical harm or illness. With respect to the sexual abuse findings, Ricardo asserts there is no evidence to show his inappropriate touching of his sons was motivated by any sexual interest in his children. He further asserts there is no evidence to support a finding his daughter had been sexually abused or was at risk of sexual abuse.

B

*Legal Principles and Standard of Review*

At the jurisdiction hearing, the court considers only the question whether the child is described by one or more subdivisions in section 300. Under section 300, subdivision (b), the Agency must show that the child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure of his or her

3

parent to adequately supervise or protect the child. "The three elements for a section 300, subdivision (b) finding are: '(1) neglectful conduct by the parent in one of the specified forms; (2) causation; and (3) "serious physical harm or illness" to the [child], or a "substantial risk" of such harm or illness.' " (*In re Savannah M*. (2005) 131 Cal.App.4th 1387, 1395-1396.) The third element requires a showing there is an ongoing, substantial risk of physical harm or illness. (*Id*. at p. 1396.)

As relevant here, a child is described by section 300, subdivision (d), where the child has been sexually abused, or there is a substantial risk the child will be sexually abused, as defined in Penal Code section 11165.1, by his or her parent. Sexual abuse means sexual assault or sexual exploitation; including lewd or lascivious acts upon a child (Pen. Code, § 288, subd (c)(1)) and child molestation (Pen. Code, § 647.6 subd. (b)). (Pen.Code, § 11165.1.) Sexual assault includes, but is not limited to, "[t]he intentional touching of the genitals or intimate parts (including the breasts, genital area, groin, inner thighs, and buttocks) or the clothing covering them, of a child, or of the perpetrator by a child, for purposes of sexual arousal or gratification, except that, it does not include acts which may reasonably be construed to be normal caretaker responsibilities; interactions with, or demonstrations of affection for, the child;" and the "intentional masturbation of the perpetrator's genitals in the presence of a child." (*Ibid*.)

We review the trial court's findings to determine whether there is substantial evidence in the record to support the findings. We do not reweigh the evidence, evaluate the credibility of witnesses or resolve evidentiary conflicts. The appellant has the burden to demonstrate there is no evidence of a sufficiently substantial nature to support the findings or orders. (*In re Dakota H*. (2005) 132 Cal.App.4th 212, 228.) We draw all

4

legitimate and reasonable inferences in support of the judgment. (*Candari v. Los Angeles Unified School Dist.* (2011) 193 Cal.App.4th 402, 408.)

C

*There Is Substantial Evidence to Support the Findings of General Neglect*

We are not persuaded by Ricardo's argument the children were no longer at risk of harm at the time of the jurisdictional hearing because their medical needs had been met. The juvenile court could reasonably determine the children had suffered serious physical harm as a result of their parents' neglect and without intervention to protect the children, they would remain at substantial risk of harm.

The record contains ample evidence to show the parents neglected the children's medical needs, causing serious physical injury to the children. In 2009, twice in 2011, and three times in 2012, the school nurse referred Brianna to an audiologist to evaluate her hearing. The parents did not follow up on the referrals. By the time Brianna was evaluated in December 2012, she had only 20 percent of her hearing and required surgery. The parents missed the surgery date. Agency personnel transported Brianna to her medical and surgical appointments. She struggled in school due to her vision and hearing problems, and was held back a grade. When Brianna and Nicolas had high fevers at school, the parents did not respond appropriately. Brianna needed glasses, which were obtained with the help of the Agency. The parents postponed taking Brianna to the doctor for an ear infection for nine days. Four days after her appointment, they still had not picked up her medication. Brianna needed to have two molars removed.

Nicolas also needed glasses, which the parents did not obtain on their own. His parents had neglected his dental needs, and at the time of the jurisdiction hearing, Nicolas

5

had a toothache. R.V. also needed to see a dentist. He had moderate hearing loss and was evaluated for surgery. At the time he was detained in protective custody, R.V. had an untreated ear infection.

Past conduct of a parent may be probative of current conditions if there is a reason to believe the neglectful conduct will continue. (*In re S.O.* (2002) 103 Cal.App.4th 453, 461.) Here, the parents had a five-year history of neglecting their children's health needs. They did not respond appropriately when informed their children were ill. Although the Agency assisted the parents in meeting some of the children's needs, preventive services were ineffective in improving the parents' ability to identify those needs and obtain appropriate care for their children. Accordingly, we conclude there is substantial evidence to support the court's finding the parents' neglect presented a continued risk of harm to the children.

D

*There Is Substantial Evidence to Support the Sexual Abuse Findings*

We reject Ricardo's characterization that his sexual abuse of his children was merely his way of demonstrating affection. R.V. said his father touched his own penis while he touched R.V.'s penis. Nicolas also said his father touched his penis. When asked separately by a social worker to show on a pen how their father touched himself, each boy used his entire hand and moved it several times from the middle of the pen to the end of the pen. Brianna said her father masturbated when he touched R.V. and Nicolas. The court could reasonably infer from these descriptions Ricardo's actions were sexually motivated. Nicolas indicated the touching made him feel sad. R.V. indicated it made him feel angry. Ricardo acknowledged R.V. asked him to stop touching him, but

6

he did not stop.  This constitutes substantial evidence that Ricardo sexually abused his sons within the meaning of section 300, subdivision (d), and Penal Code section 11165.1.

Children who are exposed to a parent's sexual abuse of a sibling are also victims of sexual abuse.  (*In re R.V., Jr.* (2012) 208 Cal.App.4th 837, 846*; In re Ana C*. (2012) 204 Cal.App.4th 1317, 1332.)  Brianna witnessed her father's sexual abuse of her brothers. Her teacher discovered Brianna masturbating at school.  Brianna said Ricardo touched her once but it was a mistake because he thought she was a boy.  Brianna was afraid her mother would hit her if she gave any additional information to the social worker.  There is substantial evidence to support the finding that Brianna had been sexually abused, or was at substantial risk of sexual abuse.  (§ 300, subd. (d).)

DISPOSITION

The findings and orders are affirmed.

_____

BENKE, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

NARES, J.